UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                                                              **MEMORANDUM & ORDER**
               v.                                                 14-CR-438 (PKC)

JOHN DOE,

                        Defendant.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Before the Court is Johnny Dwyer's ("Dwyer") motion to intervene as an interested party and to unseal "all documents and proceedings" in the above-referenced case. For the reasons set forth below, Dwyer's motion to intervene is GRANTED, but his motion to unseal all "documents and proceedings" in the above-referenced case is DENIED.

*BACKGROUND*

      On August 11, 2014, the Government filed a notice of intent to proceed by information pursuant to Federal Rule of Criminal Procedure 7(b). (Dkt. 13.) The next day, the Government filed a motion ("Sealing Motion") to seal the courtroom and the proceedings, and use the name "John Doe" in place of Defendant's true name in the case caption. (Dkt. 14.) The Court scheduled a hearing for the Sealing Motion for the following day, August 13, 2014. (*Id.*) Notice of the date, time, and location of the hearing was posted publicly on the Court's website and in the Clerk's office by 3:30 p.m. on August 12, 2014. On August 13, 2014, at approximately 5:30 p.m., the Court held the requested hearing in open court and, pursuant to the Government's and defense counsel's request, the Court

granted the Sealing Motion in its entirety for reasons set forth on the record and in an accompanying sealed order. (Dkts. 16, 19.) Thereafter, a sealed proceeding was held. On September 23, 2014, Dwyer, an independent journalist, moved to (1) intervene as an interested party; and (2) unseal "all documents and proceedings" in the above-referenced case. (Dwyer Mem.[1] at 2-3).

*DISCUSSION*

I. Dwyer May Intervene

A motion to intervene is appropriate to assert the public's right of access to criminal proceedings. *See In re Herald Co.*, 734 F.2d 93, 102 (2d Cir. 1984) ("[V]indication of [the] right [of public access] requires some meaningful opportunity for protest by persons other than the initial litigants."); *see e.g., United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008); *ABC, Inc. v. Stewart,* 360 F.3d 90, 97 (2d Cir. 2004). Accordingly, Dwyer's motion to intervene in this case to assert the public's right of access to the sealed information is granted. *United States v. Park*, 619 F. Supp. 2d 89, 93 (S.D.N.Y. 2009).

II. The Sealed Documents Shall Remain Under Seal

    a. The Right of Access

Under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004); *see also Press–Enterprise Co. v. Superior Court of Cal.,* 478 U.S. 1, 9 (1986). Similarly, under common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

---

[1] Citations to "Dwyer Mem." refer to Dwyer's Motion to Unseal Case, filed September 24, 2014. (Dkt. 21.)

*Comms, Inc.,* 435 U.S. 589, 597 (1978). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II* ").

The applicability of the First Amendment, however, is not absolute. If the right of access applies, the proceedings or documents are not automatically made public. "Proceedings may be closed and . . . documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times,* 828 F.2d 110, 116 (2d Cir. 1987) (internal quotations omitted); *Aref*, 533 F.3d at 82.

Under common law, judicial documents carry a presumption of access measured by how relevant the document is to the exercise of judicial power "and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. The presumption of access to the document is balanced against the countervailing interests specific to the facts of the case. *See Lugosch v. Pyramid Co.,* 435 F.3d 110, 120 (2d Cir. 2006). The countervailing factors a court may consider include the danger of impairing law enforcement, judicial efficiency, and privacy interests. *Id.* at 123.

      b. <u>The Right of Access is Outweighed by the Government's Law Enforcement Interests</u>

The parties dispute whether "all documents and proceedings" in the above-captioned case should remain under seal. After reviewing the information under seal and the Government's declaration, the Court concludes that the pursuit of ongoing law enforcement activities outweighs the public's right of access to the sealed information under both federal and common law.

First, the Government's investigation involves national security issues and the non-public nature of the investigation is crucial to its success. *See Haig v. Agee,* 453 U.S. 280, 307 (1981) ("It is obvious and unarguable that no Governmental interest is more compelling than the security of the Nation") (internal quotation marks omitted).

Second, unsealing this matter could jeopardize the safety of numerous individuals. The Second Circuit has expressly stated that danger to persons can justify closure of the courtroom and sealing of transcripts and agreements. *See In re Herald,* 734 F.2d at 100 (finding that significant risk of danger to persons warrants closure of the courtroom); *United States v. Doe*, 63 F.3d 121, 130 (2d Cir. 1995) ("The problem of retaliatory acts against those producing adverse testimony is especially acute in the context of criminal organizations . . .").

Finally, both the closure of the proceedings and the sealing of the record were narrowly tailored to protect the law enforcement interests at stake in this matter. *Aref*, 533 F.3d at 82; *see also In re Herald*, 734 F.2d at 100 ("Though we do not believe that closure must be found to be the least restrictive means possible to avoid the perceived risk, the trial judge must consider alternatives and reach a reasoned conclusion that closure is a preferable course to follow to safeguard the interests at issue."). There is no reasonable alternative to closing the courtroom and proceedings that would adequately protect the compelling interests of the Government and Defendant. During the course of these proceedings, the Government must present Defendant to the Court, and the Court must communicate directly with Defendant and his counsel. If these proceedings were to be made public at this time, significant law enforcement activities could be thwarted and lives placed at risk.

    c. <u>Public Notice was Given</u>

4

Notice must be given before closing a proceeding to which the public has a right to attend. *In re Herald Co.,* 734 F.2d at 102. Dwyer argues that the court records and proceedings must be unsealed because the Government failed to satisfy the notice requirement to seal. (Dwyer Mem. at 11-12.) He claims there was no effective notice because "by the time the motion was entered on the docket, it was granted and the resulting order sealing the proceedings came into effect." (*Id.*) However, the same day the Government received the hearing date to seal the court records and proceedings, it publicly posted notice of the date, time, and location of the hearing on the Court's website and in the Clerk's office. (Dkt. 14.) The docketing of the hearing was sufficient notice to the public. *See Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 93 (2d Cir. 2004) ("[D]ocket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment. . . .[T]he docketing of a hearing on sealing provides effective notice to the public that it may occur.").

## *CONCLUSION*

Dwyer's motion to intervene is GRANTED. Dwyer's motion to unseal "all documents and proceedings" in this case is DENIED. The Government's interest in the ongoing investigation involving issues of national security outweighs the public's right of access to the sealed information. Accordingly, "all documents and proceedings" in this matter shall remain under seal.

SO ORDERED:

/s/ Pamela K. Chen  
PAMELA K. CHEN  
United States District Judge

Dated: October 30, 2014  
      Brooklyn, New York